IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,008-01 & -02






EX PARTE TERRY GLENN LLOYD, JR., Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F7924 & F7925 IN THE 8TH DISTRICT COURT


FROM FRANKLIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of
a controlled substance and possession of a controlled substance and sentenced to two terms of eight
years' imprisonment. He did not appeal his convictions.

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he did not investigate Applicant's cases and advised him to plead guilty, despite telling him
that he could win if he went to trial. Applicant has alleged facts that, if true, might entitle him to
relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex.
Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall specifically determine whether Applicant's guilty pleas were rendered involuntary
because of counsel's advice. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 17, 2008

Do not publish